NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2500

_____

IN RE:  JOSEPH W. HIGGINS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 11-cv-01821)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 11, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed:  September 17, 2015)

_____

OPINION*

_____

PER CURIAM

Joseph W. Higgins has filed a petition for a writ of mandamus, asking the Court to

overturn an order entered in a federal civil proceeding in New Jersey.  See Higgins v.

Bernstein, D.N.J. Civ. No. 11-cv-01821.  That case involved Higgins's allegations "that

he is the victim of a conspiracy of 'unlawful, intentional, willful and evil misconduct of

retaliation" and invidious discrimination at the hands of several state court judges, state

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

court employees, and a United States District Judge." See In re: Higgins, C.A. No. 12-3021 (Aug. 28, 2012) (opinion denying a prior mandamus petition). In the prior mandamus petition, Higgins sought a writ of mandamus to compel the District Court to rule on his Motion for Default Judgment. This Court denied the petition, but expressed "confiden[ce] that the District Court will issue a ruling on Higgins's motion in due course." The District Court denied Higgins's motion for default judgment on October 3, 2012.

Higgins argues in the current petition that the defendants in the civil action never answered his complaint in their personal capacities, and he once again asks this Court to direct the district court to enter default judgment and direct the defendants "to pay the petitioner the sum of 5 Million Dollar a piece in their personal capacity." As Higgins recognizes, "[t]he time for all parties to object or appeal have long since expired." Mandamus Petition at 1. Higgins's petition for a writ of mandamus does not meet the requirements for this extraordinary relief.[1]

The writ of mandamus "is a drastic remedy that is seldom issued and its use is discouraged." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citation omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141. And mandamus is not a substitute for an appeal. In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998). Higgins had "adequate means to attain the relief he desire[d]" through a

---

[1] And Higgins's supplement is of no help; it is a delusional statement about his belief that a state court judge murdered two children involved in a family court proceeding.

direct appeal.  <u>Kerr v. U.S. Dist. Ct.</u>, 426 U.S. 394, 403 (1976).  His failure to file a timely appeal does not equate to a lack of available means to attain relief.

We will thus deny the petition for a writ of mandamus.